UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TORRANCE LEE,

             Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

             Defendant.

Case No. 15-CV-614

St. Croix County Case No. 15-SC-1092

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Credit Acceptance Corporation ("CAC")
hereby removes this action to the United States District Court for the Western District of
Wisconsin, pursuant to 28 U.S.C. §§ 1331 (federal question), 1441 and 1446, and as and for its
short, plain statement of the grounds for removal, respectfully states and alleges as follows:

1.      On September 4, 2015, Plaintiff Torrance Lee commenced a small claims action
against CAC in the Circuit Court for the State of Wisconsin – St. Croix County, captioned *Lee v.
Credit Acceptance Corporation*, Case No. 15-SC-1092, by filing a small claims Summons and
Complaint with the St. Croix County Clerk of Court, a true and correct copy of which is attached
hereto as Exhibit 1.

2.      CAC first received Exhibit 1 within the meaning of 14 U.S.C. § 1446(b) on
September 10, 2015.  (*See* Ex. 1.)  The time within which CAC is required to file a responsive
pleading has not yet expired.  No further proceedings have been had in this action.

3.      The complaint filed by Plaintiff, Exhibit 1, is a civil action of which this court has
original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), in that it asserts a claim for

alleged violations of portions of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d) and 12 C.F.R. §§ 202.9(a)(2), 202.12.  (*See* Ex. 1, Compl. ¶¶ 38-40.)

4.      Removal is timely under 28 U.S.C. § 1446(b) as CAC first received the Summons and Complaint, Exhibit 1, on September 10, 2015.  (Ex. 1.)

5.      In accordance with 28 U.S.C. § 1446(d), written notice of removal is being provided to Plaintiff and filed with the Clerk of the Circuit Court for St. Croix County.

Dated this 24th day of September, 2015.

/s/ David J. Hanus
David J. Hanus
State Bar No. 1027901
Brett B. Larsen
State Bar No. 1064355
Attorneys for Defendant
Credit Acceptance Corporation
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Telephone  414-276-6464
Fax  414-276-9220
Email: dhanus@hinshawlaw.com
Email: blarsen@hinshawlaw.com

16723074v1 1374

**STATE OF WISCONSIN, CIRCUIT COURT, SAINT CROIX COUNTY**

For Official Use

FILED
SEP - 4 2015
CLERK OF COURT
ST CROIX COUNTY

Plaintiff:   (Name [first, middle, last], Address, City, State, Zip)

Torrance Lee
PO Box 357
Hudson, WI  54016

☐ **See attached for additional plaintiffs.**

-vs-

To Defendant(s) :  (Name [first, middle, last], Address, City, State, Zip)

Credit Acceptance Corporation
25505 West 12 Mile Road
Southfield, MI  48034

☐ Amended

**Summons and Complaint**
**Small Claims**

☐ **See attached for additional defendants.**   Cas   15SC1092

If you need help in this matter because of a disability, please call:

715·386·4630

- ☐ Claim for money ($10,000 or less) 31001
- ☐ Return of property (replevin)        31003
- ☐ Eviction                            31004
- ☐ Arbitration award          31006
- ☐ Return of earnest money    31008

**SUMMONS**

**To the Defendant(s):**
You are being sued as described below. If you wish to dispute this matter:
   ☒ You must appear at the time and place stated.
   ~~AND/OR (Clerk will circle one)~~
   ☐ You must file a written answer and provide a copy to the plaintiff or
     plaintiff's attorney on or before the date and time stated.
If you do not appear or answer, the plaintiff may win this case and a judgment
entered for what the plaintiff is asking.

*Krista Severson /KN*

Clerk/Attorney Signature

**When to Appear/File an Answer**

| Date | Time |
|------|------|
| 9.29.15 | 1:30 p.m. |

**Place to Appear/File an Answer**

ST. CROIX COUNTY GOVERNMENT CENTER
1101 Carmichael Rd.
Hudson, WI 54016

| Date Summons Issued | Date Summons Mailed |
|---------------------|---------------------|
| 9·4·15 | PSP |

**COMPLAINT**

**Plaintiff's Demand:**
The plaintiff states the following claim against the defendant(s):
   1. Plaintiff demands judgment for: *(Check as appropriate)*
      ■ Claim for Money $ 10,000.00      ☐ Eviction      ☐ Return of Earnest Money
      ☐ Return of property (replevin) *(Describe property in 2 below.)*      ☐ Confirmation, vacation, modification or correction
        *(Not to include Wis. Stats. 425.205 actions to recover collateral.)*          of arbitration award.

   Plus interest, costs, attorney fees, if any, and such other relief as the court deems proper.

   2. Brief statement of dates and facts: *(If this is an eviction action and you are seeking money damages, you must also state that claim on this form.)*
      See attached complaint

DANE COUNTY LEGAL NOTICE
SERVED BY: _____
ON 9/10/15 AT 1:31 P M


EXHIBIT
1

c:3atty

**Summons and Complaint – Small Claims**
Case No. ___ISSC1092___

&gt; 1 "Page 2 of 2"\\* MERGEFORMAT

☐ **See attached for additional information.** Provide copy of attachments for court and defendant(s).

**Verification:** Under oath, I state that the above complaint is true, except as those matters stated upon information and belief, and as to those matters, I believe them to be true.

I am: ☐ plaintiff.   ■ attorney for the plaintiff.

Subscribed and sworn to before me
on _September 4, 2015_

_(signature)_

Notary Public, State of Wisconsin
My commission expires: _2·6·18_

| Signature of Plaintiff or Attorney | Date | Attorney's State Bar Number |
|---|---|---|
| _Eric L. Crandall, Esq._ | 9-4-2015 | 1001833 |
| **Plaintiff's/Attorney's Telephone Number** | **Law Firm and Address** | |
| 715-246-1010 (P)  715-246-1012 (f) | Crandall Law Offices, SC  1237 Knowles Ave No.  PO Box 27 | |

New Richmond, WI 54017

**STATE OF WISCONSIN   SMALL CLAIMS COURT      COUNTY OF SAINT CROIX**

Torrance Lee,
PO Box 357
Hudson, WI 54016

                    Plaintiff,
          vs.

Credit Acceptance Corporation,
25505 West 12 Mile Road
Southfield, MI 48034

                    Defendant.

Civil File No: 2015-SC-_1092_
Case code: 31001



## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the undersigned attorney represents Plaintiff Torrance Lee

in the above-captioned action. The undersigned requests that all notices and other papers subsequent

to the complaint be served on the undersigned at the address indicated below.

DATED: September 4, 2015

Eric L. Crandall, Esq.
CRANDALL LAW OFFICES, SC
1237 Knowles Avenue North
PO Box 27
New Richmond, WI 54017
715-246-1010 (p)
715-246-1012 (f)
Consumerlaw@frontiernet.net
Wis. Attorney Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF
TORRANCE LEE**

**STATE OF WISCONSIN   SMALL CLAIMS COURT      COUNTY OF SAINT CROIX**

---

Torrance Lee,

              Plaintiff,

vs.

Credit Acceptance Corporation,

              Defendant.

Civil File No: 2015-SC-__1092__

FILED
SEP - 4 2015
CLERK OF COURT
ST CROIX COUNTY

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## I. INTRODUCTION

1.    This is an action for damages brought by Torrance Lee ("Lee")  for Defendant Credit Acceptance Corporation's ("Credit Acceptance") violations of the Equal Credit Opportunity Act, 15 U.S.C. §1691, *et seq.* (hereinafter "ECOA" or the "Act"),  and Regulation B, 12 C.F.R. § 202 (hereinafter " Regulation B"), promulgated by the Board of Governors of the Federal Reserve System pursuant to §1691b of the Act, as well as for Credit Acceptance's violations of the Wisconsin Consumer Act ("WCA" or "Consumer Act").

## II. JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. §1691e(f) (ECOA), Wis. Stat. § 421.201-203 (WCA jurisdiction), Wis. Stat. § 801.04 (general), Wis. Stat. § 801.05 (long arm), and Wis. Stat. 799.01

3.    Venue in this court is appropriate under Wis. Stat. § 421.401 (WCA venue) and Wis. Stat. § 801.50 (venue), as a substantial part of the acts and ommissions giving rise to the claims asserted by Lee arose in this county.

## III. PARTIES

4.    Plaintiff Torrance Lee is a individual residing at all relevant times in Saint Croix County, Wisconsin.

5.    While Lee is generally an intelligent person, he lacks specific sophistication in the specific businesses of lending money, auto loans, and/or deferred deposit services.

6.    Lee was and is a "person" as defined by Wis. Stat. §§ 421.301 and 990.01(26), and is a "person" protected by and entitled to enforce the remedies of the Consumer Act including Wis. Stat. §§ 427.101 - 105.

7.    Lee was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

8.    Credit Acceptance is a sophisticated financial services company, operating throughout Wisconsin and throughout the United States, and takes assignments of automobile installment payment contracts executed by Wisconsin residents, and is an assignee governed by the Consumer act and is subject to all claims and defenses Lee could bring against Inver Grove Auto, per Wis. Stat. § 422.407

9.    Credit Acceptance is engaged in the collection of debts owed itself using the mail and telephone.

10.   Credit Acceptance regularly attempts to collect debts owed itself, and was and is a "debt collector" as defined by Wis. Stat. § 427.103(3).

11.   Credit Acceptance was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

12.   Credit Acceptance was and is a "person" as that term is used in Wis. Stat. § 100.18, and as defined by Wis. Stat. § 990.01(26) and by Wis. Stat. § 421.301.

13. Credit Acceptance Corporation is a foreign corporation.

14. Credit Acceptance regularly extends, renews or continues credit, arranges for the extension, renewal or continuation of credit, or participates in the decision of whether or not to extend credit.

15. Credit Acceptance is engaged in the purchases of auto loan contracts where consumers owe money, and is engaged in the subsequent collection of debts arising from those auto loan contracts.

16. Credit Acceptance is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, non-delegable duty and vicarious liability.

17. As a business conducting its affairs within the United States generally, and Wisconsin specifically, Credit Acceptance is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV. FACTUAL ALLEGATIONS

18. On or about March 31, 2014 Lee applied for credit with AMTAC, LLC, which does business under the name Inver Grove Auto, in connection with the purchase of a motor vehicle.

19. Said application and purchase was primarily for personal, family, or household purposes.

20.   In connection with the credit application, Lee executed a retail installment contract and security agreement, which obligated Lee to purchase a 2007 Ford Expedition for $16,307.68.

21.   Lee made a down payment of $3,500.00, agreed to purchase GAP insurance, and agreed to pay the applicable sales, use and excise taxes, and relevant title fees.

22.   All told, Lee financed $13,520.43, and agreed to repay this amount over 60 installments at an interest rate of 22.99%.

23.   In connection with Lee's application for credit, Inver Grove Auto presented Lee's credit application to Credit Acceptance.

24.   Credit Acceptance approved the credit application, and agreed to purchase and did purchase Inver Grove Auto's interest in the March 31, 2014 retail installment contract and security agreement.

25.   Lee executed appropriate title transfer documents and forms, and took ownership and possession of the vehicle, thus consummating the transaction on March 31, 2015.

26.   On or about April 4, 2014, Credit Acceptance sent Lee a letter thanking Lee for "financing [his] vehicle through Credit Acceptance" and also gave Lee a brief notice of certain rights Lee had under State and Federal Law.

27.   On or about April 4, 2014, Credit Acceptance sent Lee a letter explaining to Lee how and where to make his monthly payments.

28.   Sometime shortly after April 4, 2015, staff at Inver Grove Auto called Lee, told him the transaction had somehow been canceled, that they had a refund check for him, and demanded that Lee return the vehicle.

29.   On or about April 7, 2014, Lee returned the vehicle, and Inver Grove Auto either delivered or sent to Lee a check in the amount of $3,500.00 drawn on Inver Grove's Associated Bank account. The check was marked down payment refund.

30.   On or about April 14, 2014, Credit Acceptance sent Lee a letter explaining to Lee that the retain installment contract had been "re-assign[ed]" back to Inver Grove Auto.

31.   In spite of Lee's return of the vehicle, and the return of the down payment, Credit Acceptance continued to bill and dunn Lee, making numerous unwanted and inappropriate collection calls to Lee's phone.

32.   In spite of Lee's return of the vehicle, and the return of the down payment, Credit Acceptance on or about June 12, 2014, sent Lee a "notice of right to cure default" which falsely accused Lee of defaulting on the contract, demanded amounts which were not due, falsely threatened to repossess a vehicle Lee no longer possessed or owned, falsely threatened Lee with "utiliz[ation] [of] the court system" and falsely threatened Lee with liability for court costs and attorney fees.

33.   On August 27, 2014, Credit Acceptance sent Lee a letter indicating that the retail installment contract "has been assigned to the ... Selling Dealer."

34.   However, at no time has Credit Acceptance sent, given, or delivered to Lee any of the written notifications required by the ECOA and Regulation B.

35.   In spite of the application, credit approval, and subsequent cancellation of the loan, Defendant failed to provide Lee with written notification of Defendant's action on the application and loan, as required by the Act and Regulation B.

36.   Defendant also has failed to provide complete records of Lee's application for credit, and/or the credit transaction between the parties to Lee, upon his valid request.

37.   As a result of the acts alleged above, Lee has suffered damages.

## V.  CAUSES OF ACTION

## COUNT 1.  EQUAL CREDIT OPPORTUNITY ACT

38.   Lee incorporates by reference all the foregoing paragraphs.

39.   Credit Acceptance violated the ECOA.  Credit Acceptance's violations include, but are not limited to the following:

(a)   <u>Failure to provide written notification</u>

Defendant violated § 1691(d) of the Act and § 202.9(a)(2) of Regulation B by failing to provide Lee with written notification of Defendant's action on Lee's application for credit.

(b)   <u>Failure to retain records</u>

Defendant violated  § 202.12 of Regulation B by failing to retain complete records of Lee's application for credit, and/or the credit transaction between the parties.

40.   As a result of the above violation of the ECOA, the Defendant is liable to the Lee in the sum of Lee's actual damages, statutory damages, and costs and attorney's fees.

## COUNT 2. WISCONSIN CONSUMER ACT

41.    Lee incorporates by reference all Paragraphs above.

42.    Credit Acceptance violated the Wisconsin Consumer Act.  Credit Acceptance's violations

include, but are not limited to the following:

(a)    Prohibited Practice/Unlawful Debt Collection Actions:

Credit Acceptance violated Wis. Stat. § 427.104(1)(g), (h), & (j) by
repeatedly attempting to enforce a right with knowledge or reason to know
that the right does not exist, via Credit Acceptance' continued  dunning of
Lee for an account that had been unilaterally cancelled by Credit Acceptance.

(b)    Prohibited Practice/Unlawful Debt Collection Actions:

Credit Acceptance violated Wis. Stat. § 427.104(1)(g), (h), and (j) by
repeatedly attempting to enforce a right with knowledge or reason to know
that the right does not exist, via Credit Acceptance' June 12, 2014 letter to
Lee seeking to collect on and enforce an account that had been unilaterally
cancelled by Credit Acceptance.

(c)    Prohibited Practice/Unlawful Debt Collection Actions:

Credit Acceptance violated Wis. Stat. § 427.104(1)(L) by threatening to
repossess a vehicle Lee no longer possessed or owned, via Credit
Acceptance' June 12, 2014 letter to Lee.

43.    As a result of the above violations of the Wisconsin Consumer Act, Credit Acceptance is

liable to Lee in the sum of Plaintiff's actual damages, statutory damages, punitive damages,

costs, disbursements and reasonable attorney's fees.

-7-

## VI. REQUEST FOR RELIEF

44.     **WHEREFORE,** Plaintiff Torrance Lee respectfully requests that Judgment be entered against the Defendant Credit Acceptance Corporation as follows:

### Count I.

     a.     Lee's actual damages, pursuant to 15 U.S.C. § 1691e(a);

     b.     statutory damages, pursuant to 15 U.S.C. §1691e(b);

     c.     costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1691e(d); and

     d.     such other and further relief as the court deems just and equitable.

### Count II.

     a.     Awarding Lee his actual and compensatory damages, along with any available and applicable prejudgment interest;

     b.     Awarding Lee statutory damages of $ 25.00 per violation, pursuant to Wis. Stat. § 425.302;

     c.     Awarding Lee statutory damages of $100.00 per violation, pursuant to Wis. Stat. § 425.303;

     d.     Awarding Lee statutory damages of $1,000.00 per violation, pursuant to Wis. Stat. § 425.304 & 427.105;

     e.     awarding Lee punitive damages;

     f.     Awarding Lee costs, disbursements, and reasonable attorneys fees pursuant to Wis. Stat. § 425.308, to the extent allowed by law;

45.     Lee hereby foregoes any recovery of damages past the jurisdictional limit of Wis. Stat. § 799.01

## VII.   DEMAND FOR JURY TRIAL

46.   Torrance Lee hereby demands that, to the extent guaranteed and provided by the United

States and Wisconsin Constitutions, United States and Wisconsin Statutes and United States

and Wisconsin Common Law,  these claims be determined by a jury of his peers.


DATED: September 4, 2015                     Eric L. Crandall
                                            Eric L. Crandall, Esq.
                                            **CRANDALL LAW OFFICES, SC**
                                            1237 Knowles Avenue North
                                            PO Box 27
                                            New Richmond, WI 54017
                                            715-246-1010 (p)
                                            715-246-1012 (f)
                                            Consumerlaw@frontiernet.net
                                            Wis. Attorney Lic. No. 1001833

                                            **ATTORNEY FOR PLAINTIFF**
                                            **TORRANCE LEE**