IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TORRANCE LEE,

                Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

                Defendant.

ORDER

15-cv-614-jdp

---

Plaintiff Torrance Lee purchased a car in March 2014, and he agreed to pay for it through monthly installments to defendant Credit Acceptance Corporation. About a week after the sale, the dealership informed Lee that the transaction had been cancelled and that he needed to return the car. Lee complied. But despite the cancelled transaction, Credit Acceptance continued to bill him for monthly payments. Lee filed suit in small claims court for Saint Croix County, Wisconsin, alleging violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and the Wisconsin Consumer Act, Wis. Stat. § 421.101 *et seq.* Credit Acceptance removed the case to this court and now seeks to compel arbitration based on provisions in the retail installment contract that Lee signed when he purchased the car. Dkt. 7. Lee opposes the motion and demands a jury trial on the issue of "the making of the arbitration agreement." Dkt. 13. Lee has produced a different version of the contract, under which he contends that he can avoid arbitration by suing in small claims court.

A trial is unnecessary because Lee does not dispute that Credit Acceptance's version of the contract bears his signature. And even if Lee's version controls the parties' dispute in this case, he has not persuasively demonstrated that he can avoid arbitration under that agreement. The court will therefore grant Credit Acceptance's motion.

ALLEGATIONS OF FACT

"Motions to compel arbitration are reviewed under a summary judgment standard as set forth in Federal Rules of Civil Procedure 56(c)." *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 866 (E.D. Wis. 2006) (internal citations and quotation marks omitted); *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The court may therefore consider all evidence in the record, but it will construe disputes of fact in Lee's favor because he is the non-moving party. *Tickanen*, 461 F. Supp. 2d at 866.

Lee resides in Saint Croix County, Wisconsin, not far from the state border with Minnesota. On March 31, 2014, Lee visited Inver Grove Auto, a car dealership in Minnesota. Lee purchased a car that day and drove it home. To finance the purchase, Lee entered into a retail installment contract, agreeing to make 60 monthly payments of just over $380. The contract contained an assignment clause, indicating that the dealership would assign its rights to Credit Acceptance, as well as its interest in the car. The contract also contained an arbitration provision, which Lee had the right to reject by mailing a written notice to Credit Acceptance within 30 days. Lee did not reject the arbitration provision.

About a week later, the dealership contacted Lee by phone and told him that the transaction had been cancelled. At this point, it is not clear why the transaction was cancelled, but that fact appears to be immaterial. The dealership demanded that Lee return the car, which he did on April 7, 2014. The dealership returned Lee's down payment. The following week, Lee received a letter from Credit Acceptance explaining that the retail installment contract had been "re-assigned" back to the dealership.

Even though the transaction had been cancelled and Lee had returned the car, Credit Acceptance continued to dun him. Credit Acceptance made several collection calls to Lee,

and in June 2014, the company sent him a "notice of right to cure default," which accused him of defaulting on the retail installment contract.

Lee filed suit in small claims court, alleging violations of the Equal Credit Opportunity Act and the Wisconsin Consumer Act. Dkt. 1-2. Credit Acceptance timely removed the action to this court and moved to compel arbitration. Dkt. 1 and Dkt. 7. Lee responded by challenging the authenticity of the retail installment contract that Credit Acceptance submitted with its motion, and he demanded a trial on the issue of "the making of the arbitration agreement." Dkt. 12 and Dkt. 13. With his motion, Lee submitted a different retail installment contract; one that he contends is the *actual* agreement that he signed.

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Lee's complaint arises under federal law, and because Credit Acceptance properly removed the case to this court under 28 U.S.C. § 1441. The court has supplemental jurisdiction over Lee's state law claims pursuant to 28 U.S.C. § 1367.

## ANALYSIS

Under the Federal Arbitration Act, courts will compel arbitration if three conditions are present: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. 9 U.S.C. § 4; *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). There is a strong federal policy favoring arbitration, and "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration." *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998). Here, Lee acknowledges that his signature appears on the contract that Credit Acceptance has

submitted in support of its motion to compel arbitration, Dkt. 16, ¶ 11, and his brief appears to concede that the contract requires arbitration in this case, *see generally* Dkt. 12. But Lee contends that this is not the same contract that he signed when he purchased the car.

Lee has submitted an unsigned version of a contract the he entered into at the dealership. Dkt. 16-6.[1] He observes that some of the financial terms (e.g., purchase price, sales tax, fees to public officials) in his version are different from the terms in Credit Acceptance's version, and that he does not remember signing a version with a barcode on top, which Credit Acceptance's version has. Credit Acceptance responds that these are merely minor differences in appearance, and that the total amount financed is the same in both contracts, as are the interest rates and payment schedules. Ultimately, the court does not need to resolve the apparent discrepancies between the contracts because regardless of which version controls, Lee cannot avoid arbitration.

Lee contends that his version of the contract "allows him to avoid arbitration" by filing an action in small claims court, which he did in this case. Dkt. 12, at 5. Lee relies on the following language in his version of the contract to support his contention:

> You or we can do the following without giving up the right to require arbitration:
>
> - Seek remedies in small claims court for Claims within the small claims court's jurisdiction.

Dkt. 16-6, at 4.

Lee's suggestion that this provision allows him to preempt arbitration is simply incorrect. Under Minnesota law, "[a]bsent ambiguity, [the court] construe[s] contract terms consistent with their plain, ordinary, and popular sense, so as to give effect to the intention

---

[1] The dealership made copies of the contract before Lee signed them. Dkt. 16, ¶ 8.

of the parties as it appears from the entire contract."[2] *Quade v. Secura Ins.*, 814 N.W.2d 703, 705 (Minn. 2012) (internal citations and quotation marks omitted). The language therefore means exactly what it says: any party can seek remedies in small claims court without giving up the right to require arbitration. Put differently, if Lee sued in small claims court and later determined that he preferred arbitration, then he could switch forums because he never lost the right to arbitrate. But if Lee sued in state or federal trial court, then he would have to remain in that forum because he gave up his right to arbitrate. Lee does not explain how—nor does the court agree that—the provision alters or trumps Credit Acceptance's right to arbitrate. Indeed, the provision is silent with regard to how one party's choice of forum affects the *other* party's right to arbitrate. Thus, even if Lee's version of the contract controls, it does not allow him to avoid arbitration by filing suit in small claims court.

Notwithstanding Lee's concern over why his version of the contract differs from Credit Acceptance's version, this is a straightforward case. First, Lee's version and Credit Acceptance's version both contain arbitration provisions, so there is a written agreement to arbitrate. Second, regardless of which version controls, the parties' dispute falls within the scope of their agreement to arbitrate. Third, Lee has refused to arbitrate. These are the three prerequisites for compelling arbitration, and they are present in this case. The court will therefore grant Credit Acceptance's motion.

---

[2] The parties do not dispute that Minnesota law governs both versions of the contract. *See* Dkt. 9-1, at 4 and Dkt. 16-6, at 3.

ORDER

IT IS ORDERED that:

1. Defendant Credit Acceptance Corporation's motion to compel arbitration, Dkt. 7, is GRANTED.

2. This case is STAYED, pending the outcome of arbitration proceedings. Because the arbitration may resolve all of the issues between the parties and make any further proceedings in this court unnecessary, the clerk of court is directed to close the case administratively. If arbitration does not resolve all of the issues, then either party may move the court to reopen the case.

Entered November 12, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge